JOHNSON & PHAM, LLP
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California   91367
Telephone:   (818) 888-7540
Facsimile:   (818) 888-7544

Attorneys for Plaintiff
BOSE CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BOSE CORPORATION, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JONAS JOSEPH, an Individual, and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 2:15-cv-02574<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT [15 U.S.C. § 1114/*Lanham Act* § 43(a)]**<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION/FALSE OR MISLEADING ADVERTISING [15 U.S.C. § 1125(a)];**<br>**(3) TRADEMARK DILUTION [15 U.S.C. § 1125(c)];**<br>**(4) UNFAIR BUSINESS PRACTICES [*CALIFORNIA BUSINESS & PROFESSIONS*** |

1
**COMPLAINT FOR DAMAGES**

*CODE* § 17200];
(5) DECLARATORY RELIEF;

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff BOSE CORPORATION, a Delaware Corporation (hereinafter "Plaintiff"), hereby allege as follows:

## PARTIES

1. Plaintiff is now, and was at the time of the filing of this Complaint and at all intervening times, a Delaware Corporation, with its corporate headquarters at The Mountain, Framingham, Massachusetts 01701, duly authorized and licensed to conduct business in the State of California.

2. Plaintiff alleges, on information and belief, Defendant JONAS JOSEPH ("Defendant") is now, and was at the time of filing this Complaint, an individual doing business at Winter Haven, Florida.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are unknown to Plaintiff. Plaintiff, therefore, sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

4. Plaintiff further allege that Defendant, and DOES 1-10, inclusive, sued herein by fictitious names, are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth and shall henceforth be referred to collectively as "Defendants."

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

**JURISDICTION/VENUE**

6. This Court has jurisdiction over the subject matter of the First and Second Causes of Action (violation of the *Lanham Act*) pursuant to 15 U.S.C. § 1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7. This Court also has specific jurisdiction since Defendant has committed acts of trademark infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell and has sold products that infringe the trademarks of Plaintiff to consumers within this judicial district. Defendant has also offered to sell and actually sold counterfeit products (described more fully below) using an interactive Internet website and knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendant, believing that they were authentic goods manufactured and distributed by Plaintiff or its authorized manufacturers.

8. Additionally, supplemental jurisdiction exists over Defendant because, on information and belief, Defendant conducts business in California and in this judicial district, and have purposefully directed action to California and this district, or have otherwise availed himself of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

9. Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damages to Plaintiff in this district. The counterfeit BOSE® product was purchased from California and Defendant purposefully shipped the counterfeit

3
COMPLAINT FOR DAMAGES

1  product into California. Venue is also proper in this district because Plaintiff
2  conducts substantial business through its 22 factory and showcase stores
3  throughout California.

## GENERAL ALLEGATIONS

10. Plaintiff was founded in 1964, by Dr. Amar G. Bose. Through extensive research and engineering, Plaintiff has developed groundbreaking audio technology and innovative products, including the Wave® radio, QuietComfort® noise cancelling headphones, and SoundDock® digital music system.

11. Plaintiff designs, manufactures, and sells a wide array of high-performance electronic audio products for consumers and professionals. Plaintiff sells its wide array of high-performance electronic audio products through its authorized retail stores, authorized dealers, and website, www.bose.com.

12. Plaintiff's high-performance electronic audio products include professional loudspeakers, bookshelf speakers, factory-installed sound system custom-designed for specific automobiles (ie. Audi, Cadillac, Chevrolet, Infiniti, Maserati, and Porsche to name a few), portable home CD/FM/AM radio sound systems, portable digital music systems, home theater systems, aviation headsets, around-ear and over-ear noise cancelling headphones, in-ear and around-ear sport headphones, and audio and mobile headphones, including Bluetooth headsets.

13. Plaintiff has built its reputation with an uncompromising commitment to developing high-performance audio products that create exceptional audio quality and sound. Plaintiff has spent substantial resources and effort to inform customers of the benefits of Plaintiff's products and to develop consumer recognition and awareness of its trademarks in the United States and the world. Through the extensive use of the Plaintiff's Marks, including the BOSE® trademark, Plaintiff has built up and developed substantial goodwill and enormous recognition in their entire product line throughout the United States and the world.
///

14. Plaintiff's products and services include providing sound systems for businesses, retail environments, restaurants, places of worship, schools, performance venues, providing exceptional entertainment systems for new and existing homes through Lifestyle® BUILT-INvisible® dealers, and noise-cancelling technology for military application.

15. Indeed, Plaintiff's BOSE® name and logo are widely recognized throughout the United States as a provider of high-quality audio products.

16. Plaintiff is the exclusive owner of federally-registered and Common law trademarks. The following is a partial (non-exhaustive) list of the registered trademarks owned by Plaintiff' (the "Marks"):

    A. BOSE®: Registration date October 19, 2010 (Reg. No. 3,863,254), for batteries, communication headsets for use with communication radios, intercom systems, or other communications networks transceivers; headphones; headsets for cellular or mobile phones, microphone;

    B. QuietComfort®: Registration date February 19, 2002 (Reg. No. 2,539,951), for audio and video headsets;

    C. Acoustic Noise Cancelling®: Registration date September 16, 1997 (Reg. No. 2,096,548), for headsets for reducing acoustic noise;

    D. QC®: Registration date December 18, 2007 (Reg. No. 3,355,350), for headphones and headphone related accessories, namely audio cables with built-in microphones and adapters to connect headphones to cell phones;

    E. Mark consisting of the color white interwoven with the color black throughout the length of cords attached to headphones for headphones: Registration date September 9, 2008 (Reg. No. 3,497,786);

    F. Engineered for Exercise®: Registration date of December 12, 2012 (Reg. No. 4,262,660), for headphones, headsets for cellular or mobile phones;

G. Triport®: Registration date February 21, 2006 (Reg. No. 3,060,458), for headphones;

H. Stayhear®: Registration date of November 16, 2010 (Reg. No. 3,878,139), for headphones, headsets, accessories for headphones and headsets, namely removable soft tips for insertion of headphones in the ear;

I. A20®: Registration date of January 11, 2011 (Reg. No. 3,905,592), for communication headsets, intercom systems or other communication network receivers; earphone accessories, namely earphone cushions, earphone pads, cord management systems, earphone cases, earphone extension cords, and headphones;

J. Better Sound Through Research®: Registration date of April 27, 1993 (Reg. No. 1,767,324), for loudspeaker systems and music systems;

K. BOSE®: Registration date October 19, 1999 (Reg. No. 2,288,004), for computerized on-line retail services in the field of sound reproduction products;

L. BOSE®: Registration date of December 8, 1992 (Reg. No. 1,738,278), for printed matter, namely catalogs, newsletters, and brochures;

M. BOSE®: Registration date of March 29, 1994 (Reg. No. 1,828,700), for retail store services in the field of electronic and electro-acoustical products; and

N. BOSE®: Registration date September 25, 1984 (Reg. No. 1,297,699), for clothing;

Attached hereto as Exhibits **"A"-"N"** are true and correct copies of the certificates of registration for Plaintiff's federally-registered marks mentioned above (hereinafter Plaintiff' "Marks").

17. Particularly in light of the success of Plaintiff's products, as well as the recognized outstanding reputation it has gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a "free

ride" on the substantial goodwill, reputation, and fame Plaintiff has spent considerable money, effort, and resources to build up in its products and Marks.

18. Defendant uses, to name a few, the websites top-salez.com and krazyelectronics.com to sell and distribute products, including counterfeit BOSE®-branded products bearing Plaintiff's Marks to consumers. Plainitff is informed and believes that Defendant has/had web stores, using the merchant name/seller ID "topsalez," on ecommerce enabled online retail marketplaces such as rakuten.com, artfire.com, and dealscube.com. Plainitff is also informed and believes that Defendant utilizes PayPal electronic payment services to process sales of counterfeit BOSE®-branded products bearing Plaintiff's Marks on these online markeplaces. Through these websites and web stores, Defendant regularly and systematically advertised, marketed, distributed, offered for sale, and sold products counterfeit products bearing Plaintiff's Marks.

19. Beginning on a date that is currently unknown to Plaintiff and continuing to the present, Defendant has, without the consent of Plaintiff, offered to sell and sold within the United States (including within this judicial district) goods that were neither made by Plaintiff nor by a manufacturer authorized by Plaintiff (such goods are hereafter referred to as "Counterfeit Goods") using reproductions, counterfeits, copies and/or colorable imitations of one or more of the subject Marks. On information and belief, Plaintiff further alleges that Defendant imported said Counterfeit Goods into the United States, or encouraged others to import said Counterfeit Goods into the United States, for the purpose of reselling the Counterfeit Goods in the United States.

20. Through such business activities, Defendant purposely derived benefit from his interstate commerce activities by expressly targeting foreseeable purchasers in the State of California. But for Defendant's advertising, soliciting and selling of counterfeit BOSE®-branded products in California, Plaintiff would not have been able to make a purchase of the subject product.

21. On September 11, 2014, in its ongoing investigation of counterfeit sales of BOSE®-branded products, from the State of California, Plaintiff purchased a "Bose IE2 Audio Earphones" from Defendant's website top-salez.com, for a cost of $59.99. A true and correct copy of the website order confirmation and purchase receipt for the counterfeit item is attached hereto as **Exhibit "M."**

22. The "Bose IE2 Audio Earphones" purchased from Defendant's website top-salez.com was received in a package with the shipping label return address of: TOPSALEZ, PO Box 106, Eagle Lake, Florida 33839.

23. The product purchased from Defendant was inspected by Plaintiff to determine authenticity. Plaintiff's inspection of the purchased item(s) using security measures confirmed that the item(s) Defendant sold to Plaintiff's investigator was in fact counterfeit "Bose IE2 Audio Earphones."

24. On November 26, 2014, Plaintiff's counsel sent a demand letter via first class mail to Defendant's address of PO Box 106, Eagle Lake, Florida 33839. Defendant did not respond to Plaintiff's letter.

25. Upon further investigation into Defendant's whereabouts, on December 10, 2014, Plainitff's counsel sent another round of demand letters via first class mail to Defendant's known addresses in Eagle Lake, Florida and Boca Raton, Florida, and a certified mail to an address in Winter Haven, Florida. Plaintiff confirmed Defendant's receipt of this correspondence via an executed return receipt for the Winter Haven, Florida address. Defendant did not respond to Plaintiff's second round of demand letters.

26. Defendant willfully uses images and names identical to Plaintiff's Marks to confuse consumers and aid in the promotion and sales of its unauthorized and counterfeit product. Defendant's willful use of Plaintiff's Marks include importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of BOSE®-branded products, including Plaintiff's Bose

1  IE2 in-ear headphones. Defendant's use of Plaintiff's Marks began long after
2  Plaintiff's adoption and use of its trademarks, and after Plaintiff obtained the
3  trademark registrations alleged above. Neither Plaintiff nor any of its authorized
4  agents have consented to Defendant's use of Plaintiff's Marks.

5     27. Defendant's actions have confused and deceived, or threatened to
6  confuse and deceive, the consuming public concerning the source and sponsorship
7  of the counterfeit "Bose IE2 Audio Earphones" sold and distributed by Defendant.
8  By Defendant's wrongful conduct, Defendant has traded upon and diminished
9  Plaintiff's goodwill. Furthermore, the sale and distribution of counterfeit goods
10 by Defendant has infringed upon Plaintiff's federally registered trademarks.

11     28. Defendant's offering to sell, selling, importing and encouraging
12 others to import Counterfeit Goods in this manner was and is likely to cause
13 confusion or mistake and/or to deceive consumers who purchase the Counterfeit
14 Goods.

15     29. Defendant also offered to sell, sold, imported, and/or encouraged
16 others to import for the purpose of resale within the United States, Counterfeit
17 Goods consisting of reproductions and/or copies of products bearing Plaintiff'
18 Marks. Defendant's use of Plaintiff's Marks was done without Plaintiff's
19 authorization.

20     30. Plaintiff has never authorized or consented to Defendant's use of
21 Plaintiff's BOSE® or other Trademarks, or any confusingly similar marks,
22 colorable imitations, or copied or derivative works by Defendant; nor has Plaintiff
23 authorized Defendant to manufacture, copy, sell, import, market, or distribute any
24 BOSE®-branded product.

25 / / /
26 / / /
27
28

## FIRST CAUSE OF ACTION

## (Trademark Infringement Against Defendant JONAS JOSEPH, and DOES 1-10, Inclusive)

## [15 U.S.C. § 1114/*Lanham Act* § 43(a)]

31. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

32. Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a).

33. As a proximate result of Defendant's trademark infringement, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff allege, on information and belief, that as a proximate result of Defendant's trademark infringement, Defendant has unlawfully profited in an amount to be proven at trial.

34. At all relevant times, Defendant acted intentionally and/or willfully in using Plaintiff's Marks on the Counterfeit Goods, knowing that said Marks belong to Plaintiff, that the status of the Counterfeit Goods was in fact counterfeit, and that Defendant was not authorized to use Plaintiff's Marks on the Counterfeit Goods. Plaintiff is therefore entitled to recovery of treble damages pursuant to 15 U.S.C. § 1117(a). Further, Defendant's knowing, intentional and/or willful actions make this an exceptional case, entitling Plaintiff to an award of reasonable attorney fees pursuant to 15 U.S.C. § 1117(a).

35. Defendant's actions also constitute the use by Defendant of one or more "counterfeit mark" as defined in 15 U.S.C. § 1116(d)(1)(B). Plaintiff therefore reserves the right to elect, at any time before final judgment is entered in this case, an award of statutory damages pursuant to 15 U.S.C. § 1117(c)(1) and/or (2).

///

36. The acts of direct and/or contributory trademark infringement committed by Defendant have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## SECOND CAUSE OF ACTION

**(False Designation of Origin, False or Misleading Advertising Against Defendant JONAS JOSEPH, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125 (a)]**

37. Plaintiff hereby incorporate by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

38. Defendant's actions as described herein constitute direct and/or contributory violation of 15 U.S.C. § 1125(a)(1)(A), as such actions are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff and/or as to the origin, sponsorship, and/or approval of such Counterfeit Goods by Plaintiff.

39. As a proximate result of Defendant's violation as described herein, Plaintiff has been damaged in an amount to be proven at trial. Further, Plaintiff allege on information and belief that, as a proximate result of Defendant's direct and/or contributory trademark infringement, Defendant has unlawfully profited, in an amount to be proven at trial.

40. Defendant's acts of violating, directly and/or contributorily, Section 1125 have caused, and will continue to cause, Plaintiff irreparable harm unless they are enjoined by this Court.

## THIRD CAUSE OF ACTION

**(Dilution Against Defendant JONAS JOSEPH, and DOES 1-10, Inclusive)**

**[15 U.S.C. § 1125(c)]**

41. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this

cause of action.

42. Plaintiff's Marks are distinctive and famous within the meaning of the *Lanham Act*.

43. Upon information and belief, Defendant's unlawful actions began long after Plaintiff's Marks became famous, and Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Marks. Defendant's conduct is willful, wanton, and egregious.

44. Defendant's intentional sale of fake, pirated and counterfeit items bearing Plaintiff's Marks is likely to cause confusion, mistake, or to deceive, mislead, betray, and defraud consumers to believe that the substandard imitations are genuine products manufactured by Plaintiff. Defendant's actions complained of herein have diluted and will continue to dilute Plaintiff's Marks, and are likely to impair the distinctiveness, strength and value of Plaintiff's Marks, and injure Plaintiff's business reputation and its Marks.

45. Defendant's acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

46. As the acts alleged herein constitute a willful violation of section 43(c) of the *Lanham Act*, 15 U.S.C. § 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, 1118, and 1125(c), including Defendant's profits, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION
### (Unfair Competition Against Defendant
### JONAS JOSEPH, and DOES 1-10, Inclusive)
### *California Business and Professions Code § 17200 et seq.*

47. Plaintiff hereby incorporates by reference each of the other

allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

48. Defendant's actions described herein constitute unlawful, unfair and/or fraudulent business acts or practices. Defendant's actions thus constitute "unfair competition" pursuant to *California Business and Professions Code* § 17200.

49. As a proximate result of Defendant's actions, Plaintiff has suffered an injury in fact, including without limitation, damages in an amount to be proven at trial, loss of money or property, and diminution in the value of its Marks. Plaintiff therefore has standing to assert this claim pursuant to *California Business and Professions Code* § 17204.

50. Defendant's actions have caused, and will continue to cause Plaintiff to suffer irreparable harm unless enjoined by this Court pursuant to *California Business and Professions Code* § 17203. In addition, Plaintiff requests that the Court order that Defendant disgorge all profits wrongfully obtained as a result of Defendant's unfair competition, and order that Defendant pay restitution to Plaintiff in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**(Declaratory Relief Against Defendant JONAS JOSEPH, and DOES 1-10, Inclusive)**

51. Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as thought fully set forth in this cause of action.

52. Defendant's actions as described herein constitute direct and/or contributory trademark infringement in violation of 15 U.S.C. § 1114(1)(a); direct and contributory violation of 15 U.S.C.§ 1125(a)(1)(A); actions of Defendant complained herein have diluted and will continue to dilute Plaintiff's Marks; and unlawful, unfair and/or fraudulent business acts or practices.

53. Plaintiff requests judicial determination that Defendant has committed the aforementioned acts; that Plaintiff has no adequate remedy at law; that there is a present controversy between Plaintiff and Defendant for which a declaratory judgment should be entered to determine that Defendant's conduct constitutes infringement of Plaintiff's Marks pursuant to 15 U.S.C. §§ 1114(1)(1) and 1125(a)(1)(A), that such conduct diluted and will continue to dilute Plaintiff's Marks, and that such conduct by Defendant constitutes unlawful, unfair and/or fraudulent business acts or practices.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff hereby respectfully requests the following relief against Defendant JONAS JOSEPH, and DOES 1-10, inclusive, and each of them as follows:

1. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

2. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

3. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. In the alternative to actual damages and Defendant's profits for the infringement and counterfeiting of Plaintiff's Marks pursuant to the *Lanham Act*, for statutory damages pursuant to 15 U.S.C. § 1117(c), which election Plaintiff will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *California Business and*

*Professions Code* § 17200;

6. For an injunction by this Court prohibiting Defendant from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark or other intellectual property right of Plaintiff; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiff's rights;

7. For an order from the Court requiring that Defendant provide complete accountings and for equitable relief, including that Defendant disgorge and return or pay its ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendant complied with his legal obligations, or as equity requires;

8. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendant's possession which rightfully belong to Plaintiff'; for an order from the Court preventing Defendant's transferring or disposing of any money or tangible assets until further order from the Court; for an order from the Court such that any banks, savings and loan associations, credit unions, credit card payment processors, merchant accounts, or other financial institutions, shall immediately locate all accounts connects to Defendant and shall be restrained and enjoined from transferring or disposing of any money or other tangible assets of Defendant until further order from this Court;

9. For an award of exemplary or punitive damages in an amount to be determined by the Court;

10. For Plaintiff' reasonable attorney's fees;

15
**COMPLAINT FOR DAMAGES**

11. For all costs of suit;

12. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff BOSE CORPORATION, respectfully demands a trial by jury in this action.

DATED: April 7, 2015  JOHNSON & PHAM, LLP

By: /s/ Christopher Q. Pham
Christopher Q. Pham, Esq.
Marcus F. Chaney. Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiff'
BOSE CORPORATION